IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARRY J. BLUEFELD | * | |
| Plaintiff | | |
| | * | |
| vs. | | Civil Action No.  PX 15-2857 |
| | * | |
| BARRY S. COHEN, *et al.*, | | |
| Defendants. | * | |

******

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Barry Bluefeld's ("Bluefeld") Motion for Leave to Amend Complaint, ECF No. 69, more properly styled as a Motion for Leave to file a Second Amended Complaint. In this civil action, Bluefeld seeks to amend his Complaint for the second time to add a cause of action for money laundering under 18 U.S.C. § 1956, and to do so derivatively on behalf of Class B shareholders. ECF No. 69-3 at 37. Having filed his Motion more than twenty-one (21) days after Defendants filed an Answer (ECF No. 33), Plaintiff may now only amend his Complaint with leave of the Court. Fed. R. Civ. P. 15(a).

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts "should freely give leave [to amend pleadings] where justice so requires." "Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007)).

Here, Bluefeld's proposed amendment is futile on two grounds. First, no private cause of action exists to enforce the criminal money laundering statute, 18 U.S.C. § 1956. *See, e.g.*, *Simmons v. Simmons,* 2:08-2951-PMD, 2008 WL 4663157, at *2 (D.S.C. Oct. 17, 2008)

(collecting cases). Second, because Bluefeld is a *pro se* plaintiff, he cannot proceed with a derivative shareholder suit. *See, e.g.*, *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (preventing *pro se* plaintiff from bringing shareholder derivative suit); *Pinnavaia v. Moody-Stuart*, No. 09-03803 CW, 2009 WL 4899218, at *3 (N.D. Cal. Dec. 11, 2009). This is because a derivative suit is "a cause of action that belongs to the corporation." *Shoregood Water Co., Inc. v. U.S. Bottling Co.*, RDB-08-2470, 2010 WL 723763, at *6 (D. Md. Feb. 24, 2010), and *pro se* individuals "may only represent themselves" in actions before this Court. Local Rule 101(a). *Accord Fowler v. Lee*, 18 F. App'x 164 (4th Cir. 2001) (*pro se* litigant cannot represent a class); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (same). Because Bluefeld cannot proceed as a matter of law with the proposed amended count, it would be futile to grant his motion.

Accordingly, Bluefeld's motion for leave to file the second amended complaint, ECF. No. 69, is DENIED.

| 11/22/2016 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |